IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff/Appellee,          Case No. 3:02 CR 747-5

-vs-

                                                    O  R  D  E  R

KEVIN S. HARRIS,

                Defendant/Appellant.

KATZ, J.

Defendant/Appellant, Kevin S. Harris, ("Harris") filed a "Amended Motion for Stay of Execution of Sentence" of this Court's sentence of imprisonment on October 18, 2007. (Doc. No. 570). On November 18, 2007 Harris filed a "Motion for Leave of Supplemental Motion for Stay of Execution of Sentence" (Doc. No. 572). These motions seek a stay of execution of this Court's most recent imposition of sentence of 120 months, imposed on October 9, 2007 (Doc. No. 567 Amended Judgment). The Government has filed a response. The Court has considered both motions of Harris and the Government's response and will deny said motions.

The Government's brief in response to the motions sets forth well the background of this case and the issues involved. (See Doc. No. 573). In short, Harris was found guilty by a jury after a three week trial. The jury's special verdict attributed to Harris drug amounts of 500 grams but less than 5 kilograms of cocaine and 5 grams but less than 50 grams cocaine base (crack). His presentence report reflected a total offense level of 32 and a Criminal History Category II; the appropriate sentencing guideline range would thus have been 135-168 months imprisonment. On

June 13, 2003 this Court sentenced him to a term of 130 months, to be served concurrently with his state sentence in Erie County Ohio and 8 years of supervised release. (Doc. No. 370).

An appeal was taken to the Sixth Circuit, which affirmed his conviction but vacated his sentence and remanded for re-sentencing in light of *Booker*, ordering that a determination should be made on remand as to whether Harris's prior sentences should be included in his Criminal History. See *United States v. Martinez*, et al., 430 F.3rd 317, 343 (6th Cir. 2005). Thereafter, Harris was sentenced to a term of 65 months to be served concurrently with his Erie County sentence. Harris appealed the following day. The Sixth Circuit granted Harris' motion to dismiss his notice of appeal and the matter returned to the docket of this Court for re-sentencing.

On October 3, 2007 this Court re-sentenced Harris to a total term of 120 months to be served concurrently with the state sentence. The judgment order filed October 9, 2007 reflected that the sentence was not a departure from the guideline range due to the fact that Harris was credited with 73 months served in state custody which would not otherwise be credited to his federal sentence. (See Doc. No. 567). From that judgment, Harris filed a timely appeal on October 11, 2007, which is currently pending. The instant motions followed.

Pursuant to Title 18 U.S.C. §3143(b), this Court is required to detain any person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal, unless it is found, by clear and convincing evidence, that the Defendant is not likely to flee nor pose a danger to the safety of another or the community <u>and</u> that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result, as applicable here, in reversal or a sentence that does not include a term if imprisonment or a reduced sentence of imprisonment less than the total time already served by the Defendant/Appellant. Clearly,

3143(b) creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 168-169 (6th Cir. 1988). The burden of proof lies with the Defendant and if the Court finds against him on any one of these criteria he will be detained.

Harris claims that his sentence should be stayed pending appeal because this Court incorrectly calculated his sentence and used judge-found facts in the determination of the quantity of drugs attributable to him.

This Court heard claims and read memoranda at the three sentencing hearings before it. Harris does not show by clear and convincing evidence that an appeal on the issue of criminal history presents a close question or a question upon which reasonable jurists could disagree.

This Court properly considered the jury's special verdict and imposed a sentence less than the forty year statutory minimum, thus not violative of either *Booker* of *Aprendi*. No showing has been made that his appeal will raise a substantial question of law or fact likely to result in reversal of this Court's last sentencing judgment.

As a result, Harris has not met his burden of proof to overcome the presumption against release pending appeal and has raised no issue which presents a substantial question of law or fact likely to result in reversal. Therefore, the Court denies Harris's motions for a stay of execution pending appeal and for release on bail.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE